## PUHACH v. ILLINOIS STEEL COMPANY.

[No. 15,767. Filed November 18, 1936. Rehearing denied February 11, 1937.]

*Glaser, Glaser & Block,* for appellant.

*White, Wright & Boleman* and *Knapp, Beye, Allen & Cushing,* for appellee.

BRIDWELL, J.—On March 13, 1920, one Vasile Puhach was injured by reason of an accident arising out of and in the course of his employment by appellee, and died as a result of said injury on that day. On February 24, 1922, one George Luzik filed an application for adjust-

ment of a claim for compensation with the Industrial Board, alleging, together with other necessary averments, that said deceased employee left surviving him a widow, Palagea Gordeevna Puhach, who lived in the village of Vereshaks, Russia, and was wholly dependent upon him for support. The application was called for hearing before a board member on March 7, 1922, and the hearing "continued until such time as the power of attorney can be authenticated by the United States Consul and documents showing proper dependency, upon receipt of same this cause is to be reset upon application of the plaintiff." No further action on the part of the Industrial Board is disclosed by the record until February 18, 1935, when the application was again called for hearing before a board member and again continued, to be reset on request of applicant. The application was finally heard before one member of the board on February 3, 1936, resulting in a finding and award for appellee, and dismissal of the application. Within the time provided by statute application for review by the full board was duly filed, and, thereafter, following a hearing, such board made a finding and award which, after reciting the calling of cause for review and the appearance of counsel, is as follows:

"And the full Industrial Board having heard the argument of counsel, having reviewed the evidence and being duly advised therein, now finds that on March 13, 1920, while in the employ of the defendant at an average weekly wage in excess of $24.00, one Waisly (Vasile) Puhach suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge and furnished medical attention. That as a result of said accidental injury the said Waisly Puhach died on the same day. That on February 24, 1922, one George Luzik filed with the Industrial Board an application for the adjustment of claim for compensation alleging that one Palagea Gordeevna Puhach, living in the village of Vere-

shaks, Russia, was the wife of the said Waisly Puhach and was totally dependent upon him for support; that the said George Luzik filed no written authenticated instrument showing that he had authority from the said Palagea Gordeevna Puhach to file any application or prosecute any claim against the defendant for compensation.

"And the Full Industrial Board now finds for the defendant in within cause, that there has at no time been filed with the Industrial Board any valid application for the adjustment of a claim for compensation naming any dependent of said Waisly Puhach competent to pursue such action.

### "ORDER

"It is therefore considered and ordered by the full Industrial Board of Indiana that the finding in this cause should be for the defendant and that the plaintiff shall take nothing by her complaint herein.

"It is further ordered that the plaintiff shall pay the costs of this proceeding."

This appeal followed, appellant assigning as error that the award is contrary to law.

That application was filed within two years from the date of the death is shown both by appellant's brief and by the record. This application, however, was not signed by the party alleged to be the dependent, but is signed and verified by one George Luzik who does not sign as an attorney-in-fact for the alleged dependent, nor as attorney at law in her behalf, but who names himself as the plaintiff in signing the application and in the verification thereof.

After a careful consideration of appellant's brief we are of the opinion that no question is properly presented for review. The brief states that when the application was first called for hearing on March 7, 1922, the hearing was continued, and it appears from both the brief and the record that the authority of Luzik to act in the prosecution of the application under any power of attorney he may then have held, was ques-

tioned. Approximately thirteen years elapsed before the cause was again set for hearing. At this hearing held on February 18, 1935, there was received in evidence a written instrument which appellant in her brief states is a power of attorney executed by said Palagea Gordeevna Puhach to David H. Dubrovsky, substituting him as attorney-in-fact in place of George Luzik. The said brief further states that other evidence bearing on dependency was offered and rejected at this time, and the cause was "continued to be reset on application of the plaintiff or at the convenience of the Industrial Board." The last hearing before one member of the board was held on February 3, 1936, and again, according to said brief, evidence was offered, a part of which was admitted and a part rejected, the rejected evidence being as follows: (1) Exhibit B, said to be a "substitutional power of attorney" executed by the alleged widow, substituting Gregory L. Rabinovich as attorney-in-fact in place of David H. Dubrovsky, previously substituted in place of George Luzik, original attorney-in-fact; (2) Exhibit C, said to be a power of attorney from said Palagea Gordeevna Puhach to George Mihaloff Luzik, appointing him to act as attorney-in-fact for her; (3) Exhibit D, said to be a power of attorney from said Rabinovich to Paul P. Glaser, authorizing him to act for Rabinovich at said hearing.

We note the statement in appellant's brief that "with the application was filed a power of attorney from the appellant Palagea Gordeevna Puhach to one George Mihaloff Luzik with translation thereof from the Russian language to the English language," but this statement is not supported by the record. Said purported power appears in the transcript only when it was offered in evidence as Exhibit C, at the hearing held February 3, 1936.

Appellant has wholly failed to include in her brief

any condensed recital of the evidence as required by rule 21, clause 5, of the Rules of Supreme and Appellate Courts, nor does she set forth therein the written instruments offered in evidence by her and each denominated as a "power of attorney." While these documents may not be evidence bearing directly on the right of the widow to an award of compensation, such offered evidence would have a direct bearing upon one question determined by the board adversely to appellant when it made the finding it did make, and which is hereinbefore set forth, relative to the application.

While said brief under the heading "Concise Statement of the Record" details in part what was offered in evidence, and what evidence was received, and what rejected, no written instrument offered in evidence as an exhibit is set forth, nor is the substance thereof stated, appellant merely stating the nature of the document offered and citing the page and line of the record where the same may be found. This court will not search the record to ascertain if any reversible error was committed.

The Industrial Board finds as a fact that "George Luzik (who filed the only application ever filed in this proceeding) filed no written authenticated instrument showing that he had authority from the said Palagea Gordeevna Puhach to file any application, or prosecute any claim against the defendant for compensation"; and further, "that there has at no time been filed with the Industrial Board any valid application for the adjustment of a claim for compensation. . . ." In view of these findings, and from the record as presented by appellant's brief we can not say that the Industrial Board erred in its award.

No reversible error being shown, the award is affirmed.